### PERSON v. ROY O. MARTIN LUMBER CO., Inc.

### No. 5167.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

John R. Hunter, of Alexandria, for appellant.

Julius T. Long, of Shreveport, for appellee.

DREW, Judge.

Plaintiff claims compensation from his employer in the amount of $3.90 per week for a period of 175 weeks, alleging that on March 22, 1933, while employed in his work in the scope of his employment, a heavy iron pipe, 8 feet long by 2½ inches in diameter, fell a distance of 12 feet and struck him on the left foot, seriously and permanently injuring and impairing the bones, ligaments, nerves, and tissues in the entire foot, and in the ankle and leg up to the hip to such an extent that the leg and foot are permanently and totally disabled for any practical purpose.

Plaintiff further alleged that defendant paid him compensation for nine weeks at the rate of $3.90 per week and offered to pay him $7.80 more, provided he would take it in full settlement, which he refused to do. He prayed for judgment for the 175 weeks as above alleged, less a credit of the amount already paid.

Defendant admits the employment and that plaintiff was injured, but denies there was any injury other than to the fifth or little toe, and alleges it had paid plaintiff $35.10, which is all due him.

The lower court awarded plaintiff judgment in the sum of $3.90 per week for 125 weeks, less the amount of $35.10, from which judgment defendant has appealed.

The facts in the case are meager, the only witnesses who testified being plaintiff and Dr. J. M. Mosely, who examined him on the day of trial. The other evidence consists of statements made out of court by several physicians who had examined plaintiff, and one who had treated him immediately after the accident. Under the evidence in the case, it is impossible for this court to render an intelligent judgment. It is certain that plaintiff received an injury, but whether said injury caused the flat foot testified to by Dr. Mosely, or it was caused by other means than the injury received in the accident, is not shown by the testimony. The written statements in the record by the physicians for plaintiff and defendant do not in any way touch upon this claim of plaintiff. They were not sworn and were not examined in court or out of court by either counsel for plaintiff or defendant. In other words, the court is asked to render an opinion as to the injury of plaintiff and fix compensation due him without the assistance or help of testimony, as shown by the record, to be available.

We therefore conclude, in the interest of justice, that the judgment of the lower court should be reversed, and the case remanded to the lower court for a new trial; and it is so ordered.